# UNITED STATES DISTRICT COURT
# EASTERN DISTRICT OF MISSOURI
# EASTERN DIVISION

| | |
|---|---|
| BYRON EWING, | ) |
| | ) |
| Petitioner, | ) |
| | ) |
| v. | ) No. 4:17-cv-2446-NCC |
| | ) |
| TROY STEELE, | ) |
| | ) |
| Respondent. | ) |

## MEMORANDUM AND ORDER

This matter is before the Court on Missouri state prisoner Byron Ewing's motion for leave to proceed in forma pauperis (Docket No. 2), and his petition for writ of habeas corpus, filed pursuant to 28 U.S.C. § 2254 (Docket No. 1). The Court will grant petitioner's motion for leave to proceed in forma pauperis, and will dismiss the petition for lack of jurisdiction.

On May 22, 2009, following a jury trial, petitioner was found guilty of first degree statutory rape, first degree child molestation, and sexual misconduct involving a child. *State v. Byron Ewing*, Case No. 07SL-CR05480-01 (21st Jud. Cir. Jul. 2, 2009). On July 2, 2009, he was sentenced as a prior and persistent offender to life in prison without the possibility of probation or parole, and terms of fifteen and four years, all sentences to run concurrently. *Id.* He is presently incarcerated in the Eastern Reception, Diagnostic and Correctional Center in Bonne Terre, Missouri.

In September of 2013, petitioner filed a petition for writ of habeas corpus pursuant to 28 U.S.C. § 2254. *See Ewing v. Steele*, Case No. 4:13-cv-1757-NAB (E.D. Mo. Sept. 28, 2016). Therein, petitioner challenged the above 2009 state court judgment. In the instant petition, petitioner states that he challenges his 2009 convictions for first degree statutory rape, first

degree child molestation, and sexual misconduct involving a child. It is clear that, in this proceeding, petitioner is attacking the same judgment he previously challenged.

In the instant petition, for his single ground for relief, petitioner claims that his appellate counsel was ineffective for failing to challenge the sufficiency of the evidence. Petitioner claims, *inter alia*, that counsel should have argued that, because the victim's safe-care examination failed to document vaginal tears or lacerations, there were no findings of physical or sexual abuse. Petitioner did not raise this claim in his first habeas petition.

Petitioner does not indicate, nor is it apparent, that the factual predicate for his claim could not have been previously discovered, nor does he attempt to explain why he failed to raise the claim in his first petition. Regardless of why petitioner failed to present his current claim in his first petition, it is clear that the instant petition is a second, successive petition. Section 2244(b)(3)(A) requires that "[b]efore a second or successive application permitted by this section is filed in the district court, the applicant shall move in the appropriate court of appeals for an order authorizing the district court to consider the application." Petitioner has failed to do so; consequently, this court lacks jurisdiction over the instant petition. *See Burton v. Stewart*, 549 U.S. 147, 154 (2007) (per curiam); *Cox v. Norris*, 167 F.3d 1211, 1212 (8th Cir. 1999). The petition will therefore be dismissed.

The Court has considered whether to issue a certificate of appealability. To do so, the Court must find a substantial showing of the denial of a federal constitutional right. *See Tiedeman v. Benson*, 122 F.3d 518, 522 (8th Cir.1997). A substantial showing is a showing that issues are debatable among reasonable jurists, a Court could resolve the issues differently, or the issues deserve further proceedings. *Cox v. Norris*, 133 F.3d 565, 569 (8th Cir. 1997) (*citing*

*Flieger v. Delo*, 16 F.3d 878, 882–83 (8th Cir. 1994)). Because petitioner has made no such showing, the Court will not issue a certificate of appealability.

Accordingly,

**IT IS HEREBY ORDERED** that petitioner's motion for leave to proceed in forma pauperis (Docket No. 2) is **GRANTED**.

**IT IS FURTHER ORDERED** that petitioner's petition for writ of habeas corpus (Docket No. 1) is **DISMISSED**. A separate order of dismissal will be entered herewith.

**IT IS FURTHER ORDERED** that petitioner's motion to present self-care examination (Docket No. 4) is **DENIED** as moot.

**IT IS FURTHER ORDERED** that the Court will not issue a certificate of appealability.

Dated this 23rd day of October, 2017.

 

E. RICHARD WEBBER
UNITED STATES DISTRICT JUDGE